UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORVEL JOSEPH LASSERE III | CIVIL ACTION |
| VERSUS | NO. 24-1393 |
| ST. JOHN THE BAPTIST PARISH SHERIFF OFFICE, ET AL. | SECTION "I"(4) |

**REPORT AND RECOMMENDATION**

Before the Court is a **Partial Motion to Dismiss (ECF No. 3)** filed by defendants Sheriff Mike Tregre, St. John the Baptist Parish Sheriff's Office ("Sheriff's Office"), and the Lt. Sherman Walker Correctional Facility ("LSWCF") seeking dismissal of any claims by plaintiff Norvel Joseph Lassere, III, ("Lassere") asserted against them in his *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983.  ECF No. 3.  The matter was set for submission on July 10, 2024.  ECF No. 3-2.  Lassere has not filed an opposition to the motion.

The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that the motion can be disposed of without an evidentiary hearing.

I.    Background

   A.    Plaintiff's Complaint

Broadly construing this *pro se* complaint, Lassere was a pretrial detainee while housed in the LSWCF between May 2, 2023, and his release in September of 2023.  ECF No. 1, ¶III(A), at

3.  He filed suit against defendants Sheriff Tregre, the Sheriff's Office, the LSWCF, Sergeant

Justin Williams, Deputy Kendell Harris, and Warden Sharon Sealy.[1]  *Id*., ¶III(B)-(G), at 4.

Lassere alleges that, on or about June 8, 2023, at 7:00 a.m., five Sheriff's deputies, led by

Sgt. Williams, conducted a search of his dormitory at the LSWCF.  *Id*. at 6 (Statement of Claim).

He claims that during the search, the deputies illegally confiscated his legal defense documents in

violation of his constitutional rights.  Lassere claims that he repeatedly asked Sgt. Williams and

Deputy Harris to return his documents, and the officers ignored his requests.  He alleges that the

documents were never returned.  He claims that he asked the deputies for a § 1983 complaint form,

and the deputies did not know what that was.  Lassere also claims that he continued to ask about

his documents and was eventually told by Sgt. Williams that the documents would be placed with

his personal property held by the jail and returned to him when he was released from custody.

Lassere alleges that he was released from the LSWCF in September of 2023 and did not

receive the legal defense documents.  He claims that this has compromised his criminal defense

and his right to adequately present his case.  As relief, Lassere seeks the return of his documents,

monetary damages in the amount of $5,000,000, exclusion of evidence crucial to his defense that

was obtained through illegal confiscation, and sanctions against the jail and/or deputies, including

disciplinary actions.  *Id*., ¶V, at 5.

### B.    Defendants' Partial Motion to Dismiss (ECF No. 3)

Although captioned as a "partial" motion, the movant-defendants seek full dismissal with

prejudice of any claims asserted against them in Lassere's *pro se* civil rights complaint under Fed.

R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.  ECF No. 3, at 1.

---

[1] Defendants Harris and Williams have filed an answer.  ECF No. 4.  As of this date, the record does not contain a service return for or responsive pleading from defendant Sealy.

The defendants assert that Lassere's complaint fails to state a § 1983 cause of action against the Sheriff, either in an individual or official capacity, and improperly names as defendants the Sheriff's Office and the LSWCF, which are not suable entities. *Id*.

Specifically, defendants urge that the Sheriff's Office and the LSWCF are not granted the capacity to sue or be sued by state law, and therefore are not proper entities nor a person for purposes of suit under § 1983. ECF No. 3-1, ¶II(b), at 3-4. In addition, the defendants argue that Lassere's complaint fails to indicate in which capacity the Sheriff has been named as a defendant. *Id*., ¶II(c), at 4. Nevertheless, defendants argue that Lassere's complaint fails to present any claims or allegations of wrongdoing against Sheriff Tregre in either his individual or official capacities, under the standards required to state a claim under § 1983. *Id*. at 5-7.

## II.    Standards of Review

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim

3

to relief that is plausible on its face.'"  *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell*

*Atl. Corp.*, 550 U.S. at 570).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

To determine whether a complaint states a claim that is plausible on its face, the Court

"draw[s] on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Thus, as stated

above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*,

550 U.S. at 570).  For a claim to be plausible at the pleading stage, the complaint need not strike

the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that

the defendant has violated the law as alleged.  *See Id*.

However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Furthermore, in considering a Rule 12(b)(6)

motion, "a district court *must* limit itself to the contents of the pleadings, including attachments

thereto." (emphasis added) *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.

2000).  However, a district court may consider certain information outside of the pleadings "if that

evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint,

4

and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of

Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

### III.    Discussion

#### A.    Claims Against the Lt. Sherman Walker Correctional Facility

As argued by the movants, the LSWCF is not a proper defendant in this § 1983 case.  A

plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the

responsible *person* acting under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156

(1978).  The LSWCF, however, is not recognized as a "person" within the meaning of § 1983.  *See*

*Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. Jun. 9, 2008) (Order adopting Report and

Recommendation).

Further, in Louisiana, a jail facility is not an entity "legally empowered to do" anything

independent of either parish officials or the parish sheriff.  *Roberts v. Sewerage and Water Bd. of*

*New Orleans*, 634 So. 2d 341, 347 (La. 1994).  Because a jail is not a juridical entity under state

law, "a prison or jail or its administrative departments are not entities that can be sued under

Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute

and case law define that term."  *Douglas*, 567 F. Supp. 2d at 892; *see* Fed. R. Civ. P. 17(b).  As

long recognized by this Court, a parish jail is "not an entity, but a building."  *See Jones v. St.*

*Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998) (dismissing the jail as an

improper defendant); *see also Kerr v. Orleans Par. Sheriff's Off. Prison*, No. 15-0746, 2015 WL

4755174, at *1 (E.D. La. Aug. 10, 2015).

Consequently, the LSWCF is neither a proper party nor a person for purposes of suit under

§ 1983.  The defendants' motion should be granted and the claims against the LSWCF dismissed

with prejudice for failure to state a claim for which relief can be granted.

**B.     Claims Against the St. John the Baptist Parish Sheriff's Office**

Lassere also named the Sheriff's Office as a defendant.  However, as argued by the defendants, the Sheriff's Office is not a proper party or a legal entity capable of suing or being sued under § 1983.  Under Fed. R. Civ. P. 17(b), like the jail, Louisiana law governs whether a sheriff's office has the capacity to sue or be sued.  To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.  The State of Louisiana grants no such legal status to any parish sheriff's office.  *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir. 1977).  Instead, the parish sheriff's offices in Louisiana are not legal entities capable of suing or being sued.  *Porche v. St. Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. Oct. 5, 1999) (citing *Liberty Mut. Ins. Co.*, 350 So.2d at 238; *Ruggiero v. Litchfield*, 700 F. Supp. 863, 965 (M.D. La. Sept. 13, 1988).

Accordingly, the Sheriff's Office is not a juridical entity or a person capable of being sued. The defendants' motion should be granted and Lassere's § 1983 claims against the Sheriff's Office must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

**C.     Claims Against Sheriff Tregre**

As noted by defendants, Lassere did not indicate whether Sheriff Tregre is named in the complaint in an individual or official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.").  When

this happens, the United States Fifth Circuit Court of Appeals and numerous other courts assume, in light of the broad construction granted pro se complaints, that the plaintiff is pursuing both avenues. *Garrett v. Stephens*, 675 F. App'x 444, 447 (5th Cir. 2017); *see Greenup v. LeBlanc*, No. 23-5553, 2024 WL 1269994, at *2 (E.D. La. Mar. 4, 2024), *report and recommendation adopted by* 2024 WL 1256257, at *1 (E.D. La. Mar. 25, 2024).[2]  Out of an abundance of caution, and in light of the defendants thorough arguments on the points, the Court addresses Lassere's claims, as if brought against the Sheriff in both his individual and official capacities.

### a.      Individual Capacity

A state actor, like Sheriff Tregre, may be liable under § 1983 only if he was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation.  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).  A defendant is liable under § 1983 only if he had personal involvement in the alleged unconstitutional act.  *Douthit*, 641 F.2d at 346.

In this case, other than identifying the Sheriff as a defendant, Lassere asserts no claims against Sheriff Tregre nor does he allege that the Sheriff was personally aware of the search or the loss of his documents.  In fact, the Sheriff is not mentioned at all in the statement of claims for there to be a plausibly stated claim against him.

---

[2] *See also*, *Reece v. Taylor*, No. 22-cv-386, 2022 WL 22257847, at *3 (W.D. Tex. May 23, 2022) (assuming defendants were named in both capacities) (citing *Gressett v. New Orleans City*, 779 F. App'x 260, 261 (5th Cir. 2019) (calling for broad construction of *pro se* pleadings), *report and recommendation adopted by* 2022 WL 22257848, at *1 (W.D. Tex. Jul. 28, 2022); *accord Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (finding that "[w]here the complaint is unclear on 'whether officials are sued personally, in their official capacity, or both,' courts must look to 'the course of the proceedings' which will 'typically indicate the nature of the liability sought to be imposed.'").  Some courts have found that a plaintiff's failure to designate capacity is presumed, as a matter of law, to mean that suit is brought against the defendant only in an official capacity.  *Douglas*, 567 F. Supp. 2d at 888-89.

As a supervisory official, Sheriff Tregre cannot be held liable pursuant to § 1983 under a theory of *respondeat superior* or vicarious liability simply because an employee or subordinate at the jail allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). A supervisory official may be held liable for his subordinates' actions only if the named official issued an order or implemented an unconstitutional policy that causally resulted in plaintiff's injury. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). Lassere has not alleged any such level of involvement or liability against Sheriff Tregre.

Lassere presents no causal link between an action or inaction by the Sheriff and his claims arising from the search and taking of his documents. Lassere, therefore, has failed to allege a § 1983 claim against the Sheriff. Accordingly, defendants' motion should be granted and Lassere's claims against Sheriff Tregre, in his individual capacity, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

### b.      Official Capacity

As noted above, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Thus, an official-capacity claim against Sheriff Tregre would in reality be a claim against the local governmental body that he represents, whether that be his distinct political office or the Parish he serves. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Pol. Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citations, quotation marks, and brackets omitted).  To state such a claim, a plaintiff would have to allege not merely that the defendant was a final policymaker, but that the defendant implemented an unconstitutional policy or custom and that policy or custom was the proximate cause of the plaintiff's injury or damage.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  *Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, the plaintiff must identify the policy or custom which allegedly caused the deprivation of his constitutional rights.  *See, e.g.*, *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003).

Under a broad reading of his *pro se* complaint, Lassere has not alleged that any policy of the Sheriff or the Parish was involved in the search or the alleged deprivation of his documents or that the deprivation (or the search) was in fact a violation of a protected constitutional right. Without an identified policy responsible for a violation of a constitutional right, Lassere has failed to state a plausible claim against the Sheriff in his official capacity.

Therefore, the defendants' motion should be granted and Lassere's claims against Sheriff Tregre, in his official capacity, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the Partial Motion to Dismiss (ECF No. 3) filed by defendants Sheriff Tregre, the St. John the Baptist Parish Sheriff's Office, and the Lt. Sherman Walker Correctional Facility be **GRANTED** and plaintiff Norvel Joseph Lassere, III's § 1983 claims against defendants Sheriff Tregre, the St. John the Baptist Parish Sheriff's Office, and the Lt. Sherman Walker Correctional Facility be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 15th day of July, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

10