UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORVEL JOSEPH LASSERE III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1393** |
| **ST. JOHN THE BAPTIST PARISH SHERIFF OFFICE, ET AL.** | **SECTION "I"(4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be partially disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

Broadly construing this *pro se* complaint, plaintiff Norvell Joseph Lassere, III, was a pretrial detainee while housed in the Lt. Sherman Walker Correctional Facility ("LSWCF") between May 2, 2023, and his pretrial release in September of 2023. ECF No. 1, ¶III(A), at 3. Lassere filed suit against defendants Sheriff Michael Tregre, the St. John the Baptist Parish Sheriff's Office, the LSWCF, Sergeant Justin Williams, Deputy Kendell Harris, and Warden Sharon Sealy. *Id*., ¶III(B)-(G), at 4. Lassere alleges that, on or about June 8, 2023, Sgt. Williams and other deputies searched his cell which resulted in the loss of unspecified documents allegedly related to Lassere's state court criminal proceedings. *Id*. at 6 (Statement of Claim). Lassere seeks the return of his documents, monetary damages in the amount of $5,000,000, exclusion of evidence crucial to his defense that was obtained through illegal confiscation, and sanctions against the jail and/or deputies, including disciplinary actions. *Id*., ¶V, at 5.

When Lassere filed the complaint and paid the filing fee, the Clerk of Court issued summons to each defendant, including Warden Sealy. ECF No. 2. Lassere has filed returns of service, executed by his father, for each of the named defendants except Warden Sealy. ECF Nos. 5-9. On June 21, 2024, defendants Harris and Williams filed an answer to Lassere's complaint and the claims against these defendants remain pending. ECF No. 4. Since that time, the Court granted the Motion to Dismiss (ECF No. 3) filed by defendants Sheriff Tregre, the Sheriff's Office, and the LSWCF. ECF Nos. 10, 12. As of this date, the record does not contain a service return for or responsive pleading from defendant Warden Sealy. Warden Sealy has not made an appearance in this case.

On August 29, 2024, the undersigned Magistrate Judge issued a Show Cause Order to Lassere requiring him to show cause in writing by September 30, 2024, why his § 1983 claims against Warden Sealy should not be dismissed for his failure to prosecute because of his failure to perfect service upon her within 90 days of the filing of his complaint. ECF No. 19. The envelope mailed to Lassere at his address of record has not been returned as undeliverable. Lassere has not responded to the show cause order or filed proof of service on Warden Sealy.

II. **Standards of Review**

A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). In accordance with Fed. R. Civ. P. 4(m), a plaintiff must serve each defendant with a summons and copy of the complaint within 90 days of the filing of the complaint.

In addition, when a plaintiff fails to respond to a court order and provide necessary means to prosecute his case, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id*.  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385-86 (5th Cir. 1978).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

Lassere is not represented by counsel nor proceeding as a pauper in this case.  He is solely responsible for service of the summons and for his failure to comply with the Court's orders and the Federal Rules of Civil Procedure.  Lassere was reminded of his obligation to serve Warden Sealy in the Court's Show Cause Order and was given additional time to do so.  However, he has not responded to the Court's Order or filed the required proof of service for Warden Sealy.

Lassere, therefore, has failed to comply with both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).  Because Lassere has caused unnecessary delay in the progress of this action and has failed to perfect service on this defendant, his claims against Warden Sealy should be dismissed with prejudice.  *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008);

see also, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b) dismissal is with prejudice "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.").

### IV.  Recommendation

It is therefore **RECOMMENDED** that plaintiff Norvel Joseph Lassere, III's § 1983 claims against defendant Warden Sharon Sealy be **DISMISSED WITH PREJUDICE** for his failure to timely serve summons in accordance with Fed. R. Civ. P. 4(m) and for his failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

4

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 15th day of October, 2024.

          **KAREN WELLS ROBY**
          **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.